IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ROMEO A. GUTIERREZ § <br> Plaintiff § <br> § <br> V § <br> § <br> CHEF MART RESTAURANT SUPPLY, INC., § <br> ALLADIEN SALAYMEH, Individually and § <br> MOHYADEIN FAUAD SALAYMEH Individually § <br> Defendants | CIVIL ACTION NO. 4:20-cv-557 |

## PLAINTIFFS' ORIGINAL COMPLAINT

This is an action arising under the Fair Labor Standards Act of 1938 ("FLSA"), brought as an individual action to recover unpaid minimum wages, overtime compensation, liquidated damages, and attorney's fees owed to Plaintiff Edgar Vazquez by Defendants, and their subsidiaries and affiliated companies.

### Parties

1. Plaintiff Romeo Gutierrez ("Mr. Gutierrez"), former employee of the Defendants, was personally engaged in interstate commerce during his employment with the Defendants, and is represented by the undersigned.

2. Defendant Chef Mart Restaurant Supply, Inc. ("Chef Mart") is a Texas corporation that employed Mr. Gutierrez. With respect to Plaintiff, Chef Mart is subject to the provisions of the FLSA. Chef Mart was at all relevant times an enterprise engaged in commerce or in the production of goods for commerce, as defined by 29 U.S.C. §§ 203(r) and (s), and had gross annual revenues in excess of

1

$500,000. Chef Mart may be served through its registered agent Mohyadin Salaymeh at 8677 Southwest Freeway, Houston, TX 77074 or wherever he may be found.

3. Defendant Mohyadein Fauad Salaymeh ("Fauad") is an individual who is and was an "employer" as that term is defined by the FLSA because he acted on behalf of Chef Mart in setting the terms of wages and hours throughout the company, and running it on a day to day basis. Fauad worked as part of the enterprise engaged in interstate commerce as defined by 29 U.S.C. §§ 203(r) and (s). Fauad may be served with process at 17319 Kilmahew Pl., Richmond, TX 77407 or wherever he may be found.

4. Defendant Alladien M. Salaymeh ("Alladien") is an individual who is and was an "employer" as that term is defined by the FLSA because he acted on behalf of and Chef Mart and Chef's Design Ventilation & Fabrication, Inc. in setting the terms of wages and hours throughout the company, and running it on a day to day basis. Alladien worked as part of the enterprise engaged in interstate commerce as defined by 29 U.S.C. §§ 203(r) and (s). Alladien M. Salaymeh may be served with process at 18231 Glen Shee Dr., Richmond, TX 77407 or wherever he may be found.

## Jurisdiction and Venue

5. This Court has jurisdiction under the FLSA, and venue is proper under 28 U.S.C. § 1391(b), as Defendants and Plaintiff transacted business within this judicial district, and the events underlying this complaint occurred within this judicial district as well. Upon information and belief, Defendants conducted

sufficient business to exceed an annual gross volume of sales of at least $500,000 (exclusive of excise taxes) based upon the volume of business.

## Factual Allegations

6. Plaintiff worked for Defendants as a welder, driver, and general laborer at both of their locations, and consistently worked over 40 hours per week. Although he was not exempt from the FLSA, Plaintiff was not compensated for his overtime pay. Defendants paid him on a salary basis with no overtime pay.

7. At all times relevant hereto, the Defendants knew of, approved of, and benefited from Plaintiff's regular and overtime work.

8. Plaintiff was not an "exempt" employee.

9. Defendants instructed Plaintiff about when, where, and how he was to perform his work.

10. Defendants trained Plaintiff.

11. The Plaintiff's services were integrated into Defendants' operations.

12. Defendants set Plaintiff's work schedule.

13. Plaintiff performed all of his work at Defendants' job site.

14. Plaintiff devoted substantially full time to Defendants' business.

15. Plaintiff was required to perform his work in an order or sequence set by Defendants.

16. Defendants maintained the right to discharge Plaintiff at will.

17. Defendants incorrectly classified Plaintiff and other employees as independent contractors instead of employees.

18. Although Plaintiff was classified as an independent contractor, Plaintiff was paid on an hourly basis and made to log in his start and stop times.

19. Defendants did not make a good faith effort to comply with the minimum wage or overtime provisions contained within the FLSA, and knowingly violated the FLSA.

20. Defendant Mohyadein Salaymeh is the owner and control person of Chef Mart Restaurant Supply, Inc. and is personally involved in the day-to-day operations of these businesses, and in the establishment and enforcement of personnel policies, compensation policies and record keeping responsibilities of Chef Mart Restaurant Supply, Inc.

21. Defendant Mohyadein Salaymeh has the authority to hire, discipline and fire employees, and to determine employee compensation.

22. Defendant Alladien Salaymeh was the owner and control person of Chef's Design Ventilation & Fabrication, Inc. and was personally involved in the day-to-day operations of these businesses, and in the establishment and enforcement of personnel policies, compensation policies and record keeping responsibilities of Chef's Design Ventilation & Fabrication, Inc.

23. Defendant Alladien Salaymeh had the authority to hire, discipline and fire employees, and to determine employee compensation.

## Plaintiff's Individual Allegations

24. As a non-exempt employee, Plaintiff was entitled to be paid at time-and-one-half of his appropriate regular rate for all hours worked in excess of forty-(40)-

hours in a workweek. 29 U.S.C. §207 (a) (2008), was entitled to be paid at least the federally mandated minimum wage. Defendants' practice of failing to pay minimum wage and time-and-one-half for all overtime hours worked was and is in violation of the FLSA.

25. No exemption excuses the Defendants from paying Plaintiff the overtime rates for all hours worked over forty (40) per workweek or from paying their employees the federally mandated minimum wage, which is presently $7.25 per hour. In addition, the Defendants have not made a good faith effort to comply with the FLSA. As such, the Defendants knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice regarding overtime compensation with respect to Plaintiff. Such practices were and are clear violations of the FLSA.

## CAUSES OF ACTION

**Violation of the FLSA – Failure to Pay Minimum Wage and Overtime Wages Owed**

26. Based on the foregoing, Defendants violated the FLSA by failing to properly compensate Plaintiff for work performed in the employ of the Defendants.

27. Plaintiff has suffered damages as a direct result of Defendants' illegal actions.

28. Defendants are liable to Plaintiff for all unpaid minimum wages, overtime compensation and liquidated damages, attorney's fees and costs of Court under the FLSA for work performed during time worked in excess of 40 hours per work week for the three-year period preceding the filing of this lawsuit.

### Alternative Claim Under Texas Labor Code

29. In the alternative, Plaintiff pleads that Defendants violated the Texas Labor Code, Chapter 62, by failing to pay Plaintiff the required minimum wage.

30. Plaintiff has suffered damages as a direct result of Defendants' illegal actions.

31. Defendants are liable to Plaintiff for all unpaid minimum wages, liquidated damages, attorney's fees and costs of Court under the Texas Labor Code for the two-year period preceding the filing of this lawsuit.

### Jury Demand

32. Plaintiff demands a trial by jury on all claims they have asserted herein.

### Prayer for Relief

WHEREFORE, Plaintiff demands:

1. Judgment against Defendants for an amount equal to Plaintiff's minimum and overtime wages at the applicable rates;
2. An equal amount to the damages as liquidated damages;
3. Judgment against Defendants that their violations of the FLSA were willful;
4. To the extent that liquidated damages are not awarded, an award of prejudgment interest;
5. All costs and attorney's fees incurred prosecuting these claims;
6. For such further relief as the Court deems just and equitable.

    Respectfully Submitted,

    **KEVIN M. CHAVEZ, PLLC**

    */s/ Kevin M. Chavez*
    Kevin M. Chavez
    Texas Bar No. 24034371
    S.D. Tex. No. 32889
    6260 Westpark Dr., Suite 303
    Houston, Texas 77057

281-846-1560 Telephone
866-929-1647 Facsimile
ATTORNEY-IN-CHARGE FOR
PLAINTIFF ROMEO GUTIERREZ